UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                                    Crim. No. 10-cr-021-01-PB

Ronald Cross

## ORDER OF DETENTION PENDING TRIAL

In accordance with Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., a hearing was conducted on March 10, 2010, for the purpose of determining whether to detain the defendant, Ronald Cross, who has been indicted for Bank Robbery in violation of 18 U.S.C. § 2113(a).

Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community. In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release. 18 U.S.C. § 3142(c).

Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure' the defendant's presence at trial." United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988)(quoting United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)); United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991).  For its part, the government is required to offer a preponderance of the evidence to prove risk of flight.  See Patriarca, 948 F.2d at 792-93.  Facts necessary to find that no combination will reasonably assure the safety of any person and the community require satisfaction of the "clear and convincing" standard.  18 U.S.C. § 3142(f)(2).

In the case at hand, the indictment itself establishes probable cause to believe that the offense charged has been committed and that the defendant has committed it. I find that the government has met its burden with regard to both risk of flight and danger to the community.

Specifically, the nature of the offense, bank robbery, and the threats made during the course of the offense, are both serious and the defendant is facing the possibility of a significant period of incarceration. The weight of the evidence is overwhelming and was not rebutted. The defendant has numerous prior offenses, albeit four (4) were committed when he was a juvenile, including a guilty plea in this court to the offense of Distribution of Cocaine and Cocaine Base in 1999. His pretrial release on that charge was revoked for marijuana use in 1999. The pretrial services report documents marijuana and alcohol abuse prior to 2005. Although the defendant completed an intensive drug education and treatment program in the Bureau of Prison and participated in outpatient counseling while on supervised release in 2005, he nonetheless thereafter had continued substance abuse problems (which appear to be on-going at least until he entered the Step One facility in Berlin), thus

rendering it highly questionable whether he would be successful if released into a treatment program.  He has not had employment for one (1) year.  While the defendant has strong ties to the community and appears to have fully cooperated in the investigation into this crime, these facts alone do not overcome the other factors set forth above that militate in favor of detention.

For the reasons stated herein and developed on the record, I find, based on the representations offered during the hearing, that no condition or combination of conditions will reasonably assure the safety of the community or assure that the defendant poses no serious risk of flight.  As a result, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the

corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

    **SO ORDERED.**

                                            /s/ Daniel J. Lynch
                                            Daniel J. Lynch
                                            United States Magistrate Judge

Date:   March 10, 2010

cc:     Terry L. Ollila, AUSA
       Bjorn Lange, Esq.
       U.S. Marshal
       U.S. Probation